UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,
    Petitioner,

vs.                                                  Case No.:  3:20cv3659/LAC/EMT

MARK S. INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Respondent's motion to dismiss Petitioner's federal habeas petition as untimely (ECF No. 16). Respondent submitted relevant portions of the state court record (ECF No. 18). Petitioner responded in opposition to the motion to dismiss (ECF No. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, and the state court record, it is the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition is untimely. Therefore, Respondent's motion to dismiss should be granted.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state court record (*see* ECF No. 18).[1]

### A.   Case No. 2013-CF-249

On April 24, 2013, Petitioner Luther Arthur Horn, III (Horn) was charged in the Circuit Court in and for Walton County, Florida, with three counts of sale, manufacture, or delivery of a controlled substance (Ex. K1). On August 25, 2015, the State file a nolle prosequi (*see* Pet.'s Resp. to Mot. to Dismiss, Ex. A, ECF No. 19 at 10).

### B.   Case No. 2013-CF-278

On May 13, 2014, a jury in the Circuit Court in and for Walton County, Florida, found Horn guilty of one count of trafficking in oxycodone (28 grams or more but less than 30 kilograms) (Count 1), one count of trafficking in hydromorphone (14 grams or more but less than 28 grams) (Count 2), and one count of selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver a controlled substance (Count 3) (*see* Ex. B2 at 281–82). On

---

[1] Unless otherwise indicated, references to the state court record are to the exhibits filed by Respondent (ECF No. 18). Citations to the exhibits are to the "Bates stamp" page numbers.

June 17, 2014, the state court sentenced Horn to thirty years in prison, with a 25-year minimum mandatory, on Count 1; thirty years in prison, with a 15-year minimum mandatory, on Count 2; and fifteen years in prison on Count 3 (*id.* at 351–58). The court ordered the sentences to run concurrently (*id.*).

Horn appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D14-2898 (*see* Ex. B11 (initial brief)). The First DCA affirmed the judgment and sentence per curiam without written opinion on July 17, 2015 (Ex. B14). *Horn v. State*, 171 So. 3d 705 (Fla. 1st DCA 2015) (Table). The mandate issued August 12, 2015 (Ex. B15).

On September 14, 2016, Horn filed a petition for writ of habeas corpus in the First DCA, Case No. 1D16-4227, alleging ineffective assistance of appellate counsel (Ex. C1). The First DCA denied the petition on the merits on August 31, 2017 (Ex. C5). *Horn v. State*, 225 So. 3d 409 (Fla. 1st DCA 2017) (Mem).

Also on September 14, 2016, Horn filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D9). The circuit court denied Horn's post-conviction motion in an order rendered on February 11, 2019 (Ex. D3 at 146–350). Horn appealed the decision to the First DCA, Case No. 1D19-787 (Ex. D4 (initial brief)). The First

DCA affirmed the lower court's decision on October 28, 2019 (Ex. D7). *Horn v. State*, 284 So. 3d 429 (Fla. 1st DCA 2019) (Table). The mandate issued November 25, 2019 (Ex. D8).

Petitioner filed his initial § 2254 petition on February 20, 2020 (ECF No. 1).

II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 16 at 5–6).  Horn has not alleged or shown that a different statutory trigger applies.

Horn's judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which he could seek direct review of his conviction in the United States Supreme Court.  The 90-day period runs from the date of entry of the judgment sought to be reviewed.  *See* U.S. Sup. Ct. Rule 13; *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).  Calculating the finality date in Horn's case, the 90-day period for seeking certiorari review in the Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on July 17, 2015, and it expired ninety days later, on October

Page 6 of 10

15, 2015. The federal limitations period commenced the next day, on October 16, 2015.[2]

The federal limitations period ran untolled for **334 days**, until September 14, 2016, when Horn filed two tolling post-conviction applications in the state courts, i.e., his habeas petition alleging ineffective assistance of appellate counsel and his Rule 3.850 motion. Horn's Rule 3.850 was pending the longest, and reached final disposition on November 25, 2019, when the First DCA issued the mandate in the post-conviction appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day on November 26, 2019.

The limitations period expired **31 days** later on, December 27, 2019 (**334 days + 31 days = 365 days**). Horn filed his § 2254 petition on February 20, 2020, which was after the limitations period expired. His petition was thus untimely.[3]

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

[3] On June 19, 2014, Horn filed a motion seeking return of his personal property in the trial court, which is still pending final disposition (*see* Exs. E1, E2, E3, E4, E5, J1, J2, J3, J4, J5, J6). The

Case No.: 3:20cv3659/LAC/EMT

### III. CONCLUSION

Horn's federal habeas petition was not filed within the one-year statutory limitations period set forth in § 2244(d). Therefore, Respondent's motion to dismiss should be granted, and this case dismissed.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

---

motion did not qualify as a tolling motion under § 2244(d)(2), because it did not seek collateral review of the judgment and sentence. The Supreme Court has defined collateral review as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). Horn's motion for return of property did not involve a judicial reexamination of the criminal judgment. Rather, he asked for the return of items of personal property, and the scope of the state court's review would not have extended beyond determining the appropriate custody of such property. *See Justice v. State*, 944 So. 2d 538, 539 (Fla. 2d DCA 2006). As the state court would not have engaged in a reexamination of the criminal judgment, Horn's motion for return of property was not an application for collateral review that tolled his AEDPA limitations period. *See, e.g., Day v. Chatman*, 130 F. App'x 349, 351 (11th Cir. 2005) (petitioner's motions for return of property did not toll the limitations period under § 2244(d)(2)) (unpublished but cited as persuasive authority); *Chamblee v. Sec'y, Dep't of Corr.*, No. 8:16-cv-2026-T-33TBM, 2017 WL 2348813, at *2 (M.D. Fla. May 30, 2017) (same) (citing *Day*).

Case No.:  3:20cv3659/LAC/EMT

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 16) be **GRANTED**; and the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED** as untimely.[4]

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of December 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] It does not appear that Horn's "Notice of Interlocutory Appeal" (ECF No. 20, filed in November 2020) divests this district court of jurisdiction to deny Horn's habeas petition. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.") (citations and internal quotation marks omitted). However, "an interlocutory appeal does not completely divest the district court of jurisdiction. The district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (internal quotation marks and citation omitted). Here, Horn's Notice of Appeal did not identify any order entered in this case that he is seeking to appeal (*see* ECF No. 20).

Horn's interlocutory appeal does not fall under any of categories of authorized interlocutory appeals. *See* 28 U.S.C. § 1292. Further, the issue of the timeliness of Horn's § 2254 petition is not related to any of the issue presented in his Notice of Appeal (*see* ECF No. 20). Therefore, the district court is not divested of jurisdiction to dismiss Horn's § 2254 petition as untimely.

Case No.: 3:20cv3659/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv3659/LAC/EMT